IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

PATRICIA ANN MONTGOMERY,
as Administratrix of the Estate of
JAMES MONTGOMERY, deceased

    Plaintiff,

vs.                                                  CASE NO. CV-09-J-0422-NW

BILLY JEFFERSON, in his individual
capacity, and LARRY PLOTT, in his
individual and official capacities,

    Defendants.

## **MEMORANDUM OPINION**

Pending before the court is defendants' motion to dismiss (doc. 19), defendants' brief in support of such motion (doc. 20), and plaintiff's response (doc. 22). Having considered all of the pleadings and submissions, the court finds as follows:

The plaintiff, administratrix of the estate of the decedent, filed suit under 42 U.S.C. § 1983 asserting violations of the decedent's Fourth and Fourteenth Amendment rights. The plaintiff also brings state law claims of assault and battery and negligence against defendant Billy Jefferson. According to the plaintiff's amended complaint, on March 3, 2007, the decedent was a passenger in a car driven by non-party Amy Tidwell. Amended complaint, ¶ 11. At some time between 2:00

a.m. and 4:00 a.m., defendant Jefferson stopped Tidwell's vehicle and arrested both decedent and Tidwell. *Id.*, ¶ 12. Tidwell and decedent were taken to the Franklin County jail in separate cars.[1] *Id.* After being placed in custody, the decedent was physically assaulted by Jefferson through the use of excessive force. *Id.*, at ¶ 13. Non-party Tidwell heard the decedent being hit and inquired as to his well-being, at which point she was taken to the hospital because of concerns she may have taken drugs prior to her arrest. *Id.*, at 14. The decedent was placed in a jail cell, where he remained until an inmate-trustee noticed the decedent's body in the cell corner with a blanket or sheet over it, some time between 5:00 a.m. and 7:00 a.m.[2] *Id.*, at 15.

Inmate-trustee Joshua Mobley removed the cover from the decedent while trying to awaken him and noticed decedent appeared to have been beaten extensively. Amended complaint, ¶ 17. The decedent was taken to Russellville Hospital, where he was pronounced dead. *Id.*, at 18. Hospital records reflect that the decedent's body showed "possible early rigor."[3] *Id.* at 19.

---

[1]No allegation is made as to whether a second deputy was called, whether a second deputy was present with Jefferson at the time of the stop, or whether Tidwell or decedent were left sitting on the side of the road until Jefferson either returned for the other of them or sent someone else to retrieve them.

[2]The complaint does not allege how the decedent's body came to be in the corner of the cell under a sheet or blanket. There is no allegation as to whether the decedent was placed in a cell by himself, or whether he was placed in a cell with other inmates.

[3]However, the plaintiff also asserts that the hospital records reflect that the decedent's heart rhythm was in asystole. Amended complaint, ¶ 19.

Two autopsies were performed on the decedent.  Amended complaint, ¶ 20. The first autopsy listed the cause of death as a combination of drug intoxication, pulmonary edema and congestion, cerebral edema, and abrasions of the face and extremities, with the manner of death noted to be undetermined.  *Id*.  A second autopsy listed the cause of death as a blow to the head.  *Id.*  The funeral director who received the decedent's body stated in a letter to Judge Jones of Lauderdale County, Alabama, that he witnessed a "lump the size of a goose egg" on the decedent's head and bruising on the decedent's face.  *Id*., at 21.

In reviewing a motion to dismiss, the court must "accept the allegations in the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir. 2004) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  *See also Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom").  However, those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *Scarbrough v. Astrue,* 2009 WL 1068231, *2 (11th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).  *See also Redland Co., Inc. v. Bank of America Corp*., 2009 WL 1492616, *2 (11th Cir. 2009).

Taking the allegations of the complaint as true, the court finds that the decedent was alive at 2:00 a.m. on March 3, 2007. He was arrested by defendant Jefferson, placed in custody, and was then found either dead or unresuscitable no later than 7:00 a.m. that same date.

42 U.S.C. § 1983 prohibits a person, acting under color of state law, from depriving another person of his or her rights secured by the United States Constitution. *See* 42 U.S.C. § 1983. Section 1983 creates no substantive rights on its own, but merely provides a remedy for deprivation of federal constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir.1996). To prevail on a suit under § 1983, the plaintiff must show both a deprivation of federal rights and that said deprivation was by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992).

In their motion to dismiss (doc. 19), the defendants assert that they are entitled to qualified immunity. Qualified immunity provides "complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quoting *Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir.2001)(additional quotations omitted).

To receive qualified immunity, the officer in question must first prove he was acting within the scope of his discretionary authority when the allegedly wrongful act occurred. *Lee*, 284 F.3d at 1194. The defendants assert, and the plaintiff does not dispute, that both defendants were acting within their discretionary authority at all times relevant to the allegations of the amended complaint. Therefore, the plaintiff bears the burden to show that qualified immunity is not appropriate. *See Id.* To do so, the plaintiff must show both that a violation of a constitutional right occurred, and that the right in question was clearly established. *See e.g., Draper v. Reynolds*, 369 F.3d 1270, 1274-75 (11th Cir.2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir.2003). In *Rodgers v. Horsley*, the Eleventh Circuit further explained that "[f]or a 'right' to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that *what he is doing* violates that right.'" *Rodgers*, 39 F.3d 308, 310 (11th Cir.1994) (emphasis in *Rodgers*) citing *Anderson v. Creighton*, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The court further explained that the issue "is not whether, in general, [detainees] have a legally cognizable interest under the 14th Amendment to safe conditions. They do. Instead, the question in this case, as in all qualified immunity cases, is fact specific ..." *Rodgers*, 39 F.3d at 311.

**Billy Jefferson**:

Billy Jefferson is alleged to be the arresting officer. Amended complaint, ¶ 13. In their motion to dismiss, the defendants discuss the plaintiff's Fourth and Fourteenth Amendments excessive force claim in the context of the decedent's arrest. However, the amended complaint focuses this claim at the time after the decedent's arrest, when he was assumably a pre-trial detainee.[4] The court therefore considers the plaintiff's excessive force claim as applied to a pre-trial detainee as a Fourteenth Amendment claim. Such claims are analyzed as if brought under the Eighth Amendment, although the Eighth Amendment only protects post-trial detainees.[5] See e.g., *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 n.5 (11th Cir.2009); citing *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir.2008).

---

[4]The court notes that in plaintiff's response to the motion to dismiss, the plaintiff asserts that because decedent did not resist arrest, there was no justification for the force used against him. Plaintiff's response, at 12. The plaintiff does not allege in her complaint that force was used against the decedent prior to his arrest and placement in custody. The allegations are that while decedent was in Jefferson's custody, the decedent was assaulted and that Tidwell heard decedent being hit and was taken to the hospital. Amended complaint, ¶¶ 13-14. If the plaintiff intended to plead that these events occurred prior to the decedent being placed in custody, the court is unable to glean such allegations from the amended complaint.

[5]"It is well settled that '[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Stallworth v. Huffman,* 2008 WL 2858591, 11 (S.D.Ala..2008) (quoting *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974 (1994)).).

Under the facts before this court, the decedent was taken into custody and then found dead no more than five hours later. Force so excessive that it causes the death of a pretrial detainee is within the realm of a violation of constitutional rights. *See e.g.*, *Fennell*, 559 F.3d at 1216-1217. However, the amended complaint fails to allege any facts, as opposed to conclusions, concerning the decedent's death. While the defendants offer no other explanation for how the decedent died, the plaintiff asserts only that Jefferson beat the decedent before placing him in a cell and that, some time later, the decedent was found in the corner of the cell with a blanket or sheet over him and either dead or close to death.

Accepting the allegations of the amended complaint as true, namely that the decedent was assaulted by defendant Jefferson and that the autopsies showed the decedent died from a blow to the head, the court is unable to make the factual leap that Jefferson administered the blow to the head. The plaintiff simply does not allege this. The plaintiff does not allege whether the decedent was placed in a cell by himself, which would at least create an assumption that Jefferson put the decedent in the corner and covered him with a blanket, or that he was placed in a cell with other detainees, which is attendant with its own factual possibilities.

The plaintiff has failed to provide any allegations as to what defendant Jefferson did which caused the decedent's death.[6] Merely stating that Jefferson applied excessive force is insufficient to survive the motion to dismiss. Rather, the plaintiff must state some facts, rather than the conclusion that force was applied and it was excessive. The court can determine only that the decedent was arrested, non-party Tidwell "heard" being the decedent being hit,[7] and non-party Mobly saw the decedent several hours later covered by a sheet or blanket and with an appearance of having been beaten extensively. What is missing from this pleading is any allegation of when, where, why, how or by whom the decedent was beaten. There is no

---

[6]Recently, the Supreme Court has noted

> When qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify. *See Lyons, supra*, at 582 (Sutton, J., concurring); *Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir.2004); *Mollica v. Volker*, 229 F.3d 366, 374 (2nd Cir.2000). Accordingly, several courts have recognized that the two-step inquiry "is an uncomfortable exercise where ... the answer [to] whether there was a violation may depend on a kaleidoscope of facts not yet fully developed" and have suggested that "[i]t may be that *Saucier* was not strictly intended to cover" this situation. *Dirrane v. Brookline Police Dept.*, 315 F.3d 65, 69-70 (1st Cir.2002); *see also Robinette v. Jones*, 476 F.3d 585, 592, n. 8 (8th Cir.2007) (declining to follow *Saucier* because "the parties have provided very few facts to define and limit any holding" on the constitutional question).

*Pearson v. Callahan,* 129 S.Ct. 808, 819 -820 (2009). The court finds that a lack of developed facts plagues the complaint here. However, the lack of facts before this court do not result in problems applying the *Saucier* analysis, but rather in finding that a constitutional violation occurred at all.

[7]There is no allegation as to what Tidwell heard which allowed her to so ably determine that what she heard was in fact defendant Jefferson hitting decedent.

Case 3:09-cv-00422-IPJ   Document 23   Filed 07/01/09   Page 9 of 11

allegation that Jefferson placed the decedent in the cell near death, in deliberate indifference to his medical needs, or any allegation that no one else was in the cell with decedent, leading to the conclusion that Jefferson had to have caused the decedent's fatal injuries.

In consideration of the foregoing, the court is of the opinion that it must grant defendant Jefferson's motion to dismiss for failure to state a claim upon which relief may be granted.

**Sheriff Plott**

Because the plaintiff has failed to establish a cognizable action under § 1983 for a constitutional violation, the court must grant defendant Sheriff Plott's motion to dismiss as well.  A sheriff cannot be held liable on a theory of respondeat superior, rather the plaintiff must establish that the Sheriff himself was deliberately indifferent. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla*., 402 F.3d 1092, 1115 (11th Cir.2005); *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir.1992).  For § 1983 liability, the plaintiff must show a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir.1990).  This means a sheriff may only be held liable when his or her "official policy" causes a constitutional violation.  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Sheriff Plott asserts he is entitled to qualified immunity. To avoid summary judgment based on qualified immunity, the plaintiff must show deliberate indifference by the Sheriff to defendant Jefferson's use of excessive force. If there is no deliberate indifference, there can be no violation of a constitutional right and hence no § 1983 liability. *See e.g., Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir.2001). The plaintiff asserts that the decedent died while in custody of Plott's officers and/or office as a result of the failure of Plott to properly prepare and train his officers on the use of excessive force. Plaintiff's response, at 9. However, this argument assumes excessive force was used against the decedent by defendant Jefferson and that Sheriff Plott either had knowledge of the same or knew the same was used as a matter of custom and policy. As stated above, the court cannot merely intuit the same from the decedent's untimely demise.

**State Law Claims**

The plaintiff brings state law claims for assault and battery and negligence against defendant Jefferson. In light of the dismissal of the § 1983 claims, there are no federal causes of action in this lawsuit. Rather, all that remains are state law claims. Where, like here, subject matter jurisdiction is predicated exclusively on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and where diversity of citizenship is plainly absent, the decision of whether to continue to exercise

supplemental jurisdiction over the state law claims rests in the court's discretion. *See* 28 U.S.C. § 1367(c)(2); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir.2003) (in deciding how to exercise § 1367(c) discretion, court should consider principles of economy, convenience, fairness, and comity); *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1569 (11th Cir.1994) (similar). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir.2004).

The court declining to exercise supplemental jurisdiction, the plaintiff's state law claims against defendant Jefferson shall be dismissed for want of federal jurisdiction.

Having considered the foregoing, and being of the opinion the defendants' motion to dismiss is due to be granted;

It is therefore **ORDERED** by the court that said motion be and hereby is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the 1st day of July, 2009.

*[signature]*
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE